## In the Matter of the Estate of William H. Robinson, Deceased.

An affidavit of the regular service of notice of hearing, and of the filing of proof thereof with the clerk, is sufficient evidence of those facts until denied by affidavit, though the proof so filed can not now be found in the clerk's office.

An order of the probate court, requiring an administrator to account, having been brought into the circuit court by appeal, and there reversed, and the proceedings in the circuit court (where no issue of fact was joined) being then removed to this court by certiorari, and no motion having been made to dismiss the case for want of jurisdiction, the court will not consider an objection that this is not a proper case for certiorari, made, for the first time, in a brief submitted by defendant in error, by leave of the court, after the hearing.

An application to a probate court to call an administrator to account, averring that the applicant is heir of the deceased, and showing the proper facts entitling her to an account if she is such heir, is sufficient to justify action by the probate court thereon, though verified only by the oath of the attorney of the applicant, who swears to the facts averred on information and belief, and without giving any reason why the oath is not made by the applicant herself.

Though the probate judge may properly require an absolute verification of any thing whereon his action is required upon the merits, yet when the party complained of is cited to appear, and has an opportunity to controvert the facts, there is no rule which renders it imperative on the probate court to decline receiving an unsworn petition.

Where, in such case, the respondent opposes the relief asked on the ground that the petition is not properly verified, and makes no issue of fact, there is nothing for the court to pass upon but the sufficiency of the allegations in the petition.

*Heard November 26th. Decided December 9th.*

Certiorari to the Wayne Circuit Court.

On the 6th day of March, 1857, Alfred Russell, as attorney for and on behalf of Emiliette Moyer, presented to the Probate Court for the county of Wayne a petition, of which the following is a copy:

"*County of Wayne, Probate Court:*

"To the Hon. E. Hawley, Jr. Judge of Probate of the county of Wayne:

"The petition of Emiliette Moyer, of said county, respectfully showeth: That your petitioner is sole surviving daughter, and sole heir-at-law, of William H. Robinson, late of said county, deceased, intestate; that on the 29th day of March, A. D. 1851, letters of administration were duly granted and

6 MICH. — K.

issued to Joseph H. Bagg, by this Honorable Court, and that said administrator, upon his election to the office of judge of probate, resigned his appointment as administrator, and that thereupon, and on the 2d day of February, A. D. 1853, Cornelius O'Flynn received letters from the court empowering him further to administer.

"Your petitioner further shows, that said William H. Robinson left of personal estate some $300 in gold in bank, and other chattels to amount of about $200, and certain real estate sold by said Bagg, at administrator's sale, for $771, and that said moneys and property and other assets, together with $50 rent of said real estate before sale, passed into the hands of said Bagg.

"Your petitioner further shows, that on the 6th day of June, A. D. 1851, the said Bagg filed an inventory, showing the amount of said intestate's estate to be large, as appears by the said inventory on file, and on the 29th day of November, A. D. 1852, filed his account, purporting to be final, showing a balance in his hands of $33.79.

"And your petitioner further shows, that the said balance, with divers other sums of money and property, shortly subsequent to said date, and during the subsequent interval, came into the hands of said O'Flynn, amounting, as your petitioner is informed and believes, to nearly $1000.

"And your petitioner further shows, that she has frequently, and in a friendly manner, applied to said O'Flynn for an account of his proceedings in the discharge of said trust, and for payment to her of her inheritance, less his legal costs and charges, but that the said Cornelius O'Flynn hath wholly refused to render any such account, or to make any such payment, although more than a year has elapsed since his appointment.

"In consideration of the premises, and to the end that said Cornelius O'Flynn, administrator as aforesaid, may be required to pay to your petitioner the amount of the said claim, your petitioner prays that an order may be granted, requiring said

Cornelius O'Flynn, at a certain short day, therein to be specified, personally to appear in this court, and render an account of his receipts and proceedings as such administrator, and that such further proceedings, according to law and the practice of this court, may be had, as may be required to enforce the filing of such account, and the payment of such claim, and as to your Honor shall seem meet. And your petitioner will ever pray, &c."                                    "EMILIETTE MOYER,"
          "By WALKER & RUSSELL, *Proctors.*"
"Dated Detroit, March 5th, 1857."

"*State of Michigan, County of Wayne, ss.* On this 5th day of March, A. D. 1857, personally appeared before me, a notary public in and for said . county, Alfred Russell, and made oath that he is one of. the proctors for the petitioner in the foregoing petition named, and that the contents of said petition are true to the best of his knowledge, information, and belief, based upon statements of petitioner and her friends, and upon the record of said court." "ALFRED RUSSELL."
"Sworn before me, this 6th day of March, A. D. 1857."
          "WM. H. WELLS, *Notary Public, Wayne Co. Mich.*"

The Probate Court assigned the 24th day of April, 1857, for the hearing upon said petition, and directed notice to be given to the administrator.    On the day so assigned, the petitioner appeared by her counsel, and the administrator in person, and the following order was made by the court:

"At a session of the Probate Court, for the county of Wayne, holden at the probate office, in the city of Detroit, on Friday, the 24th day of April, in the year one thousand eight hundred and fifty-seven — Present, E. Hawley, Jr. Judge of Probate.

"*In the Matter of the Estate of William H. Robinson, dec'd.*

"The hearing of the petition of Emiliette Moyer, praying, among other things, that Cornelius O'Flynn, the administrator *de bonis non* of said estate, may be required, by an order of the court, to file his administration account in this court, coming on this day to be heard, and it appearing that the

ESTATE OF WM. H. ROBINSON.

citation issued upon said petition has been personally served on said O'Flynn, and the parties being in court, the said petitioner, by Walker & Russell, her attorneys, and the said O'Flynn in person; thereupon the said O'Flynn not filing his account, alleged for cause for not accounting, that it does not sufficiently appear from said petition, or otherwise, that the said petitioner is heir to said deceased, and interested in said estate, as is alleged in said petition, and therefore she can not move this court for the order prayed for in said petition; which showing having been duly considered, it is adjudged by this court insufficient for cause. Now, it further appearing to the court that said O'Flynn was appointed as aforesaid, on the 31st day of February, 1853, and that he has never rendered any account of his administration, it is therefore ordered that said Cornelius O'Flynn, administrator as aforesaid, do, on or before the 15th day of May next, render and file in this court, full and just account of his administration of said estate."

The administrator appealed from this order to the circuit court, where, on a review of the record of the probate court, the order so made was reversed, and the petitioner brought the case to this court by certiorari. On the case being called for argument, defendant in error failed to appear, and, on examination of the files, no proof was found of the service of notice of argument, as required by the rules. The counsel for plaintiff in error thereupon produced an affidavit, showing due service of notice of argument, and that proof of such service had been regularly filed with the clerk, in whose office it appeared to have been mislaid. On filing this affidavit, the court ordered the case to proceed ex parte. Before the conclusion of the argument, defendant in error appeared, and leave was given him to present a brief at a subsequent day; which he did.

*Walker & Russell*, for plaintiff in error:

1. The order to account was grantable by the court, *of its own motion*, without application on the part of any

ESTATE OF WM. H. ROBINSON.

one.— *Comp. L.* § 2985; *Dayton's Surrogate*, 1st ed. 200; 1 *Barb. Ch. R.* 485; *Ibid.* 476; 2 *Lee Eccl. R.* 399; 11 *Paige*, 211; 1 *Paige*, 537; 1 *Bradf. S. R.* 27.

2. The petition, if *requisite*, was sufficiently verified. The *mere appearance* of an interest is enough in the first instance. But if it appear affirmatively that the party calling for the account is a mere volunteer, or if his interest be traversed by proper pleadings, and be shown to be unfounded, the order will be refused.—*Dayton Surrogate*, 1st ed. 196; *Ed. of* 1855, 456; *Wms. on Ex'rs*, 837; 1 *Bradf. S. R.* 27; 2 *Adams. Eccl. R.* 234. Upon an application like this, the order may be granted in the first instance, without issuing any citation to show cause. — *Comp. L.* § 2998; *Dayton Surrogate*, *Ed.* 1855, 459.

*C. O'Flynn*, in person:

1. There should be proof on file that the writ of certiorari was properly allowed, sued out, and notice thereof given to defendant; and proof of notice of hearing, as required by the rules.

2. The court has no jurisdiction to review this case by certiorari or otherwise—the order in question being interlocutory merely.—*Holbrook v. Cook*, 5 *Mich.* 225.

3. No excuse is given for the failure to have the petition verified by the petitioner herself.

The petition should fully set forth the right of the party, and the *degree* of relationship must be averred.—*Dayton*, 1st *Ed.* 196. But the averment would be futile, unless properly verified. Under our system, the probate court can act only upon the application of a party interested; and if the administrator, on being cited, neglects to render his account, he may be liable for damages.— *Comp. L.* § 2988. In New York, by statute, the surrogate may, of his own motion, order an account.—*Dayton*, 1st *Ed.* 189; 1 *Bradf. S. R.* 27. But the surrogate, before granting the application of a party interested, must have *proof* of the requisite interest; and the

administrator, on the hearing, may object to the sufficiency
of the proof.—*Dayton*, 196. And if the petition be insuffi-
cient, it should be rejected.—*Dayton*, 189; 1 *Paige*, 540.
And see 1 *Bradf: S. R.* 27.

CAMPBELL J.:

Emiliette Moyer, claiming to be heir-at-law of the de-
cedent, filed a petition in the Probate Court of Wayne county,
to compel an account from the administrator. He opposed
the order on the ground that the petition was not properly
verified; and no issue having been made upon any fact,
but the administrator claiming that no sufficient showing
was made of an interest in the claimant, the probate court
granted the application. The administrator appealed to the
circuit court, where the cause was heard upon the papers,
without any issue having been framed or tendered, and the
decree of the probate court was reversed. The case is
brought here by certiorari.

An objection is made to hearing the cause at this term,
because no sufficient proof of notice of argument appears.
The plaintiff in error has produced an affidavit of Mr. Rex-
ford, who swears that he served notice regularly, and filed
proof of such service with the clerk of this court, in whose
office it appears to have been mislaid. This is certainly
proof enough until denied by affidavit. The case is properly
before us.

It is also objected that certiorari will not lie in the case.
No motion having been made to dismiss, and the objection
having been made for the first time in the brief submitted
by leave since the hearing, we are not inclined now to con-
sider the objection. We are strongly inclined to the opinion
that the case is a proper one for that writ, and shall there-
fore sustain it for the reasons mentioned. The question
may, however, be considered as open for argument hereafter
in a proper case, if one should arise.

I  the probate court, the decree was granted upon the

petition alone, so far as appears; and the question to be considered first is, whether that is, in form, sufficient. We have no hesitation in saying that its allegations are ample. It avers the heirship of the claimant; and the facts entitling her to an account, if she is such heir, are fully set forth. There is no rule or statute requiring such petition to be verified in any particular manner, or at all. A probate judge is not required to act upon a petition which he has not some reason to believe is presented in good faith, and in a real interest; and he may properly require an absolute verification of any thing whereon his action is required upon the merits; but where the party complained of is cited to appear, and has an opportunity of controverting the facts, there is no rule, of which we are aware, which renders it imperative on the probate judge to decline receiving an unsworn petition. The affidavit attached to the petition is upon information and belief, but is sufficient to show the good faith of the application; and the citation was entirely proper.

The fact of heirship was material; and had the respondent put it in issue, so that evidence could have been taken on it, the petitioner would have been compelled to establish her case by proofs. But, without the tender of an issue upon it, no proofs could be taken, and the case must stand upon the sufficiency of the allegations of the petition.—*Foster v. Wilber*, 1 *Paige*, 537; *Thomson v. Thomson*, 1 *Bradf. S. R.* 27. In the latter case it is held that, even if put in issue, the petition will entitle the claimant to relief, if absolutely verified, and met by no counter-proof. The form of the issue is not required to be technical, but it must be raised in some way. And as the case stood, the probate court appears very properly to have treated the objection as going to the sufficiency of the allegations.

In the circuit court, no issue having been certified up, and no new issue of fact having been framed, there was nothing to pass upon but the sufficiency of the case made by the petition; and, as we have already remarked, we think

that case properly framed to entitle the claimant to the re-
lief prayed.

The decision of the circuit court must be reversed, and
that of the probate court affirmed.

MANNING and CHRISTIANCY JJ. concurred. MARTIN Ch. J.
did not hear the argument.